```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

MICHAEL PETERSON and
LISA PETERSON

      Plaintiffs,

v.                                     Civil Action No. 2:13-5805

WYETH LLC and
WYETH PHARMACEUTICALS, INC.,
individually and
doing business as,
ESI LEDERLE, INC. and
PFIZER, INC. and
SCHWARZ PHARMA, INC.,
now known as
UCB, INC., and
SCHWARZ PHARMA AG and
UCB GMBH,
doing business as
SCHWARZ PHARMA AG and
ALAVEN PHARMACEUTICAL, LLC and
BAXTER HEALTHCARE CORPORATION and
TEVA PHARMACEUTICALS USA, INC.,
individually and
doing business as
IVAX PHARMACEUTICALS and
JOHN DOE DEFENDANTS

      Defendants.

## MEMORANDUM OPINION AND ORDER

On October 23, 2012, this action was removed to the United States District Court for the Eastern District of Missouri. Following certain preliminary proceedings in that district, the case was transferred to this district on March 20, 2013.

After receiving a motion to withdraw from counsel for the plaintiffs, on April 11, 2013, the court entered an April 15, 2013, order providing the plaintiffs an opportunity to answer such motion.  They were directed to respond in writing on or before April 29, 2013, by sending a copy of such response to the Clerk at the address therein listed.  The Clerk was in turn directed to send a copy of the motion to withdraw and the April 15, 2013, order to the plaintiffs at their home address, certified mail, return receipt requested.  The plaintiffs were additionally cautioned as follows: "The plaintiffs are further notified that their failure to respond as directed above may result in the dismissal of this action without prejudice for failure to prosecute."  (Ord. at 3).

The record reflects that the return receipt was signed by plaintiff Lisa Peterson on April 22, 2013.  After having not thereafter received a response to the motion to withdraw, the court by order entered May 16, 2013, relieved counsel for the plaintiffs of any further representational responsibilities.

The court also considered the propriety of a dismissal for failure to prosecute within the May 16, 2013, order.  In an effort to provide the plaintiffs one final opportunity to declare their intentions, however, they were ordered to show cause in

writing by June 3, 2013, why the case should not be dismissed without prejudice for failure to prosecute.  While the record reflects the signed return receipt card at the plaintiffs' address, no response has been received.

Dismissal for failure to prosecute is guided by a four factor test as follows: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  <u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990).

Respecting the first factor, the plaintiffs are solely responsible for failing to respond as directed in the April 15 and May 16, 2013, orders.  Insofar as prejudice is concerned, the defendants removed on October 23, 2012.  They have since that time aggressively litigated the matter at what is doubtless a significant cost.  A prompt adjudication of the matter is thus desirable, but hampered by the plaintiffs' lack of cooperation with their lawyers and the court.  Regarding the third factor, the plaintiffs ignored multiple inquiries from their counsel concerning the case both prior to and following transfer.  The

final factor also favors dismissal. Despite the cautionary instruction from the court that it would consider the failure to respond as grounds for dismissal, the plaintiffs stood silent. This suggests a less drastic course would likewise have no effect.

Based upon the foregoing discussion, it is ORDERED that this action be, and hereby is, dismissed without prejudice and stricken from the docket as a result of the plaintiffs' failure to prosecute.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and to the plaintiffs personally at the address provided in the April 15, 2013, order.

ENTER: June 11, 2013

John T. Copenhaver, Jr.
United States District Judge